### 5909. LOFTON *v.* GARRISON.

RUSSELL, C. J. 1. Where a bill of exceptions is presented in the time prescribed by law, the failure of the judge to sign it within the prescribed time—regardless of the reasons which influence him to postpone his signature—is no ground for dismissal of the writ of error, unless it appears that his failure to sign and certify in due time was caused by some act of the plaintiff in error or his counsel. In the present case it appears that the presiding judge deferred certifying the bill of exceptions until he could conveniently confer with counsel for both parties on a review of the brief of the evidence as set forth in the bill of exceptions. But since it also appears that the bill of exceptions was timely presented by counsel for plaintiff in error and was not returned to him by the judge for correction, the delay can not be said to have been caused by the act of the plaintiff in error or his counsel, and the writ of error will not be dismissed.

2. The provisions of section 2002 of the Civil Code are to be strictly construed, and one who buys cattle sold as estrays, when no affidavit has

been made in the proceedings that the marks and brands of the estrays are correct and that such marks have not been altered or disfigured since the cattle were taken up, does not acquire such title as will prevent the original owner of the estrays from recovering them in an action in trover. For this reason the trial judge erred in directing the verdict.

*Judgment reversed.*

DECIDED JULY 30, 1915.

Trover; from city court of Fitzgerald—Judge Griffin. May 27, 1914.

*McDonald & Grantham,* for plaintiff.
*L. Kennedy,* for defendant.